IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RODNEY D. MOORE,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-227**          (JCN: 2023018426)

**TECNOCAP ACQUISITION COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Rodney D. Moore appeals the May 6, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Tecnocap Acquisition Company ("Tecnocap") timely filed a response.[1] Mr. Moore did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moore worked for Tecnocap as a press operator. On March 27, 2023, he completed an Employees' and Physicians' Report of Occupational Injury or Disease, which alleged that he injured his lower belly that day while lifting boxes onto a skid. The physician's section of the injury report was completed by Ben Lasure, M.D., on April 21, 2023. Dr. Lasure listed the initial treatment date as March 27, 2023, and the diagnosis as a hernia in the left inguinal region. Dr. Lasure indicated that the condition was a direct result of an occupational injury, but also stated that it was unknown if the hernia existed previously.

Mr. Moore was treated in the Reynolds Memorial Hospital Emergency Room on March 27, 2023, by Josiah Hannen, PA-C. Mr. Moore reported progressive left lower quadrant and suprapubic abdominal pain, which had been ongoing since that morning. Mr. Moore also stated that he had a history of diverticulitis. A CT scan of his abdomen and pelvis was interpreted as showing left inguinal fat containing hernia without complicating

---

[1] Mr. Moore is represented by Patrick K. Maroney, Esq. Tecnocap is represented by Maureen Kowalski, Esq.

features. The clinical impression was inguinal hernia, and Mr. Moore was referred to a surgeon, Matthew Metz, M.D. The Emergency Room report indicated that this was not a work-related injury.

On April 12, 2023, Charles Milton, D.O., examined Mr. Moore, who reported that on the date of the injury, he was lifting boxes onto a skid when he noted suprapubic and lower left quadrant discomfort. Dr. Milton's impression was left inguinal strain with evidence of radiologic inguinal hernia presumed to be acute, and history of diverticulitis without evidence of clinical manifestations at the present. Dr. Milton said he would attempt to get authorization for a surgical re-evaluation.

On April 21, 2023, the claim administrator issued an order rejecting the claim on the basis that there was strong evidence that the inguinal hernia was preexisting and not occupational in nature. Mr. Moore protested this order.

On May 4, 2023, Mr. Moore was seen by Dr. Metz regarding possible surgery. Mr. Moore complained of pain in the left groin area and stated that he was moving boxes at work when he felt this discomfort. The impression was no definite acute findings and fat containing left inguinal hernia. Mr. Moore was subsequently scheduled for laparoscopic left Tapp inguinal hernia repair.

On May 15, 2023, Dr. Metz performed a laparoscopic left TAPP inguinal hernia repair with mesh. The post-operative diagnosis was symptomatic left nonrecurrence inguinal hernia.

Mr. Moore followed up with Dr. Metz on June 1, 2023.[2] He reported mild soreness in the groin region. Dr. Metz opined that he would be able to resume normal activities in two weeks. Mr. Moore was again seen by Dr. Metz on July 13, 2023. Dr. Metz noted that Mr. Moore was doing well after surgery and had resumed his normal activities.

Mr. Moore was deposed on October 26, 2023, and he testified that he had been employed by Tecnocap for a little over five years. He stated that as a press operator, he took sheets of metal, put them in a press, set the caps up, and ran the caps. Mr. Moore also testified that his job required heavy lifting and was very fast paced. Regarding the date of the alleged injury, Mr. Moore testified that his shift began at 3:00 pm and that he felt a sharp pain in his lower abdomen as he was putting boxes on a skid. He indicated that he felt this pain at approximately 5:30 pm and that he was unable to continue working. Counsel for Tecnocap asked Mr. Moore about a medical report that indicated his pain

---

[2] The date of service for this follow-up with Dr. Metz is listed as June 3, 2023, which is a Saturday. However, the encounter date is listed as June 1, 2023.

began on the morning of March 27, 2023, and Mr. Moore indicated that he did not recall. Mr. Moore stated that he told Joyce Bankey, his supervisor, that while lifting boxes on a skid, he suddenly felt a sharp pain in his lower abdomen. Mr. Moore testified that after reporting his injury, he went directly to the emergency room at Reynolds Memorial Hospital. Mr. Moore indicated that he had never had a hernia before this.

Joyce Bankey, a quality technician at Tecnocap and Mr. Moore's supervisor, was deposed on December 4, 2023. Ms. Bankey explained that Tecnocap manufactures metal caps or lids that go on jars. She further testified that on March 27, 2023, at around 2:30 pm, Mr. Moore asked her why he had been assigned a specific duty, and whether someone else could do it. Ms. Bankey testified that she told Mr. Moore that she had made the assignment, and he told her that when he woke up that morning, he had stomach pains, and that he would last as long as he could. Ms. Bankey indicated that at around 4:30 pm on the same date, Mr. Moore told her that he had stomach pains and needed to go to the hospital.

Darrick Doty, the director of human resources at Tecnocap, was deposed on December 13, 2023. Mr. Doty testified that in January of 2023, Mr. Moore inquired about a promotion via text message, and Mr. Doty informed him about the process, but Mr. Moore did not receive a promotion. Mr. Doty testified that he believes that Mr. Moore's messages indicate that he was not happy in his current position. However, he was unable to say if Mr. Moore did or did not develop a hernia while performing his job duties.

By order dated May 6, 2024, the Board affirmed the claim administrator's order, which rejected the claim. The Board concluded that Mr. Moore did not establish that he sustained the hernia in the course of and resulting from his employment. The Board noted that Mr. Moore began working at 3:00pm on March 27, 2023, but PA-C Hannen noted that Mr. Moore complained of progressive left lower quadrant and suprapubic abdominal pain, which had been ongoing since that morning. The Board also noted that the Emergency Room report indicated that the injury was not work-related. Further, the Board stated that Mr. Moore's supervisor, Joyce Bankey, testified that he told her that when he woke up on the morning of March 27, 2023, he was having stomach pains. Thus, the pain began before he began work. Finally, the Board noted that although Dr. Lasure indicated that the injury was a direct result of an occupational injury, he also remarked that it was unknown if the hernia existed previously. Thus, the Board determined that the medical evidence was speculative regarding the cause of the hernia. It is from this order that Mr. Moore now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

On appeal, Mr. Moore argues that the Board did not properly weigh the evidence in concluding that he did not suffer an injury in the course of his employment, because Dr. Lasure found that he had sustained an injury that was a direct result of his occupation. Further, Mr. Moore asserts that while lifting a box, he got a sharp pain in his lower stomach area, which constituted a discrete new injury. We disagree.

It is well established that three elements must co-exist in compensability cases: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

Moreover, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we are unable to conclude that the Board was clearly wrong in finding that Mr. Moore failed to establish that he sustained an injury in the course of and resulting from his employment.

Upon review, we agree with the Board's conclusion that Mr. Moore did not prove that he sustained the alleged injury in the course of and resulting from his employment. The Board noted several inconsistencies as to the timing of Mr. Moore's alleged injury. Although Mr. Moore began working at 3:00 pm on the date of the alleged injury, he reported in the Emergency Room that he had been having stomach pains since earlier that morning. Also, Ms. Bankey's testimony indicated that Mr. Moore told her that he woke up with stomach pains on the date of the alleged occupational injury. Further, the Emergency Room report indicated that the left inguinal hernia was not a work-related injury. Based on the foregoing, we conclude that the Board's decision is supported by substantial evidence.

4

Accordingly, we affirm the Board's May 6, 2024, order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear